UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRA R. BANKS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> US BANK TRUST ASSOCIATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 23-767 (RDM) |

### MEMORANDUM OPINION

For the reasons explained below, the Court will dismiss Plaintiffs' complaint, Dkt. 1, without prejudice for failure to allege facts sufficient to sustain subject-matter jurisdiction in this Court.  *See* Fed. R. Civ. P. 8(a)(1).

Plaintiffs' complaint fails to allege the basis for federal jurisdiction, nor does it allege facts sufficient to establish diversity jurisdiction or federal-question jurisdiction.  Dkt. 1 at 6 (Compl.).  As for diversity citizenship, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States."  *Id.* § 1332(a).  But Plaintiffs allege that they are both residents of the State of Wisconsin and that thirteen of the nineteen defendants are also Wisconsin residents.  Dkt. 1 at 1–3 (Compl.).  Because § 1332 requires complete diversity between all plaintiffs and all defendants, *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005), Plaintiffs' complaint fails to allege facts sufficient to conclude that this Court has diversity jurisdiction over this action.

Although the complaint mentions various federal statutes and constitutional provisions, including 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution, "General Commercial Law," the "Anti-Racketeering Act," and "Federal act[s] prohibiting robbery, extortion," Dkt. 1 at 6 (Compl.), it does not allege facts sufficient to support federal question jurisdiction.  The Court would, of course, have federal question jurisdiction over a claim under 42 U.S.C. § 1983 or under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1964.  But Plaintiffs' passing references to these statutes are insufficient to invoke this Court's federal-question jurisdiction.  Although difficult to follow, the complaint seems to focus on a different case, which was apparently "filed in [t]he United States District Court for [t]he District of Wisconsin," Dkt. 1 at 4; Plaintiffs state that they were "den[i]ed their day in court" in that case and are "now asking this court to enforce judgment in this case," *id.* at 5.  But the complaint nowhere states how the various Defendants in this case allegedly violated the Fourth or Fourteenth Amendments, nor does allege anything even resembling a § 1983 or RICO claim, *see H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 239 (1989); *see also W. Assocs. Ltd. P'ship v. Mkt. Square Assocs.*, 235 F.3d 629, 633 (D.C. Cir. 2001).  Instead, these constitutional provisions and statutes are merely listed or mentioned in an incoherent manner.  And to the extent that Plaintiffs' complaint cites to federal criminal laws "prohibiting robbery[] [and] extortion," Dkt. 1 at 6 (Compl.), the Court notes that "[a]s a general rule, criminal statutes do not create a private right of action" and thus cannot be relied upon to establish federal subject-matter jurisdiction.  *Saunders v. Davis*, No. 15-cv-2026, 2016 WL 4921418, at *13 (D.D.C. Sept. 15, 2016).

In light of these difficulties and the Court's inability to discern a basis for exercising federal jurisdiction over what seems to be a challenge to (or about) a foreclosure action

previously brought in a Wisconsin state court—asserting that elder abuse and perjury occurred in that action—the Court issued an order directing that plaintiff show cause on or before April 14, 2023 why the case should not be dismissed for lack of jurisdiction.  Min. Order. (Mar. 27, 2023).  Plaintiff failed to respond to this order, and the Court now concludes that it lacks subject-matter jurisdiction over this matter.  The Court will, accordingly, dismiss Plaintiff's complaint without prejudice for lack of subject-matter jurisdiction, Dkt. 1.

      A separate order will issue.

                                            /s/ Randolph D. Moss
                                            RANDOLPH D. MOSS
                                            United States District Judge

Date:  April 30, 2023